**In re UNR INDUSTRIES, INC., Unarco Industries, Inc., UNR, Inc., UNR-Rohn, Inc., (Alabama), UNR-Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corporation, Debtors.**

**Bankruptcy Nos. 82 B 9841—82 B 9851.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 1, 1984.

See also, Bkrtcy., 30 B.R. 613.

Levy & Erens, Chicago, Ill., for Manufacturers Hanover Trust and Citibank, N.A.

Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause came to be heard upon the motions of MANUFACTURERS HANOVER TRUST CO. and CITIBANK, N.A. [Banks], represented by LEVY & ERENS, requesting the Court to make additional findings of fact and, by separate motion, requesting the Court to enter certain relief which would permit the Banks to appeal this Court's Order of March 19, 1984, which allowed the first request for interim compensation and reimbursement of expenses filed by counsel for Debtors, SCHWARTZ, COOPER, KOLB & GAYNOR, CHTD. [Debtors' counsel]; and the Court having reviewed the pleadings filed in this matter, and the memoranda of law filed by counsel for the respective parties, and having on April 23, 1984, afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. On March 19, 1984, this Court entered an order which, *inter alia,* awarded interim compensation and reimbursement of expenses in the amount of $498,604.29 to the law firm of SCHWARTZ, COOPER, KOLB & GAYNOR, CHTD. counsel for Debtors in these proceedings. This Order was docketed two days later, on March 21, 1984. The Banks, in proceedings conducted on February 28, 1984, had objected to Debtors' counsel's first request for interim compensation.

2. On March 26, 1984, counsel for the Banks filed a document, accompanied by affidavits, which was captioned as the Banks' "Submission of Additional Evidence and Proposed Findings of Fact" pertaining

to Debtors' counsel's first request for interim compensation.

3. On April 10, 1984, counsel for the Unsecured Creditors' Committee moved the Court to reconsider its March 19, 1984, Order awarding interim compensation to Debtors' counsel. Counsel for the objecting Banks, who claim that they learned of the Court's March 19, 1984, Order only as a result of the Unsecured Creditors' Committee's motion to reconsider, filed on April 12, 1984, a motion captioned as a "Motion for Order Requiring Repayment of Fees by Schwartz, Cooper, Kolb & Gaynor, Chtd., for Certification, and for Other Relief."

4. On April 16, 1984, the Banks filed a notice of appeal from the portion of this Court's March 19, 1984, Order which granted Debtors' counsel's first request for interim compensation and reimbursement of expenses.

5. In their motion to submit additional evidence and proposed findings of fact, the Banks contend that Debtors' counsel's first request for interim compensation should be denied in its entirety, based upon certain oral representations allegedly made by Malcolm Gaynor, a member of the law firm representing Debtors, to the effect that such law firm would not file a request for interim compensation during the Debtors' impending Chapter 11 proceedings. This allegation is supported by the affidavits of John S. Belisle and Patricia W. Wilson, which are attached to the Banks' motion to submit additional evidence and proposed findings of fact.

6. The Banks' April 12, 1984, motion requested the entry of four separate measures of relief respecting this Court's March 19, 1984, Order. The motion is not, *per se,* a motion to reconsider that Order.

First, the Banks request that this Court enter an order directing the Clerk of the United States Bankruptcy Court to "correct" the docket entry for this Court's March 19, 1984 Order awarding interim compensation to Debtors' counsel, to reflect the docketing of such order "between April 4 and April 6, 1984."

Second, the Banks seek the Court's leave to file notice of appeal from the March 19, 1984, Order *instanter.*

Third, the Banks ask this Court to certify the relevant portion of its March 19, 1984, Order for review by the United States District Court pursuant to Section e(2)(a)(ii) of that court's General Order of December 20, 1982.

Finally, the Banks seek an order requiring Debtors' counsel to repay to Debtors any monies received by them pursuant to this Court's March 19, 1984 Order, pending the Banks' appeal of that Order.

The Court Concludes and Further Finds:

■ 1. The Banks' motion to submit additional evidence and proposed findings of fact will be denied. At the hearing in this cause conducted on February 28, 1984, the Court refused to permit the Banks to adduce evidence of certain oral representations alleged to have been made by Malcolm Gaynor, one of the attorneys for Debtors. The Court expressed an opinion at that hearing, and is of the same opinion now, that even if Mr. Gaynor's alleged oral representations could have some legal impact on the propriety of counsel's interim fee request, that question would be immaterial to and beyond the scope of the Banks' formal objection to Debtors' counsel's first interim request for compensation.

■ 2. The Banks could have amended their objection in advance of the February 28, 1984, hearing, to properly place the question of Mr. Gaynor's alleged oral representations regarding interim fees before the Court. They did not. The Court's March 19, 1984, Order represents the Court's disposition of the factual and legal issues relating to Debtors' counsel's first interim fee request, which were properly before the Court at that time. The Banks are not entitled, at this late date, to specific findings by this Court regarding a controversy which the Banks failed to properly place at issue.

3. It is the further judgment of this Court that the Banks' April 12, 1984, "Mo-

tion for Order Requiring Repayment of Fees ... for Certification, and for Other Relief" shall be denied in part, with the remaining issues to be continued until May 10, 1984, for consolidation with the Unsecured Creditors' Committee's motion to reconsider. In particular, however, several items of relief requested in the Banks' April 12, 1984, motion shall be dismissed because these requests are premature.

■ 4. Bankruptcy Rule 8002(b) provides:

Rule 8002. Time for Filing Notice of Appeal

\*　\*　\*　\*　\*　\*

(b) Effect of motion on time for appeal

If a timely motion is filed in the bankruptcy court by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

The effect of Bankruptcy Rule 8002(b) was to toll the running of the ten-day appeal time upon the filing of the Banks' March 26, 1984, motion to submit additional evidence and proposed findings of fact. This appeal time will not commence to run anew until the remaining motions of the Banks and the Unsecured Creditors' Committee are disposed of. Also, by the express terms of Rule 8002(b), the notice of appeal filed by the Banks on April 16, 1984 is a nullity. For these reasons, there appears no need for the Court to direct the Clerk of the United States Bankruptcy Court to "correct" the docket, or authorize the Banks to file notice of appeal instanter, as requested by the Banks. That portion of the Banks' April 12, 1984, motion which requests the entry of these items of relief is denied.

■ 5. For similar reasons, it is considered that the Banks' request that this Court certify certain portions of its March 19, 1984, Order for review pursuant to Section e(2)(a)(ii) of the General Order entered by the United States District Court on December 20, 1982, is as yet premature. The Banks are granted leave to renew their motion for certification, if necessary, at the hearing of the Unsecured Creditors' Committee's motion to reconsider scheduled to occur on May 10, 1984.

■ 6. The Court does not consider itself bound to resolve at this time the Banks' motion to require Debtors' counsel to repay any interim compensation which it has received in this case. If the provisions of Federal Rule of Civil Procedure 62(a) are applicable to this contested matter [1], and if Debtors' counsel's receipt of interim compensation from Debtors prior to the expiration of the ten-day stay constitutes a violation of that Rule, it remains that the Unsecured Creditors' Committee's motion to reconsider the Court's March 19, 1984, Order is still pending. Indeed, in the absence of such a pending motion, the Court would possess authority to reconsider an interim attorneys' fee award at any time prior to the conclusion of the bankruptcy proceedings. *See In re Den-Col Cartage & Distribution, Inc.,* 20 B.R. 645, 647 (D.Colo.1982) (Interim attorney fee awards "are almost subject to review and revision by the bankruptcy judge at any time until final judgment is entered"). For the sake of judicial economy, the Court considers it best to defer resolution of this question of repayment until such time as the Court may determine whether to grant or deny the Unsecured Creditors' Committee's motion to reconsider.

1. See Bankruptcy Rules 7062, 9014.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of MANUFACTURERS HANOVER TRUST CO. and CITIBANK, N.A., to submit additional evidence and findings of fact be, and the same is hereby, denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of MANUFACTURERS HANOVER TRUST CO. and CITIBANK, N.A. for an order requiring SCHWARTZ, COOPER, KOLB & GAYNOR, CHTD. to repay interim compensation, for certification, and for other relief, be, and the same is hereby, denied in part as set forth in this Order. The remaining matters requested in such motion are to be continued on the Court's motion to May 10, 1984, at 11:00 a.m. at which time those matters shall be heard in connection with the motion to reconsider filed by the Unsecured Creditors' Committee.