In re D. DIORIO & SONS, INC., an Illinois corporation, Debtor.

Bankruptcy No. 80 B 15775.

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 26, 1985.

J. Barton Kalish & Associates, Chicago, Ill., for debtor.

Morrison & Kamins, P.C., Chicago, Ill., special counsel.

Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for Creditors' Committee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter has come before the court on the joint motion of the debtor's counsel and co-counsel which requested the court to reconsider its order dated December 7, 1984 in which the court denied further fees pursuant to the attorneys' Final Petition.

The petitioning attorneys have asserted in their motion that the court has determined either that services performed since the interim award were worthless or that the interim award was excessive. The petitioners suggest that a determination that the interim award constituted reasonable compensation for all services performed in this matter would deprive them due process under the United States Constitution.

For the reasons set forth in this memorandum, further compensation will be denied the petitioning attorneys.

## DISCUSSION

At a hearing on final compensation, all fee matters are properly before the court. *In re Callister*, 673 F.2d 305, 306–07 (10th Cir.1982); *In re U.N.R. Industries*, 39 B.R. 190 (Bankr.N.D.Ill.1984); 2 L. King. Collier on Bankruptcy ¶ 331.03 (15th ed. 1984). It follows that the interim award may be viewed as a part of the total package of compensation to be awarded petitioning counsel. *Id.* Therefore, this court finds that the petitioners' argument that the December 7 order was premised upon either the conclusion that services rendered since that time were worthless or that the interim award was excessive is without merit. The present question involves reasonable compensation for all services performed by the petitioning attorneys in this Chapter 11 case.

Similarly, the court finds no merit in the petitioners' argument that a determination that the amount awarded under the interim request was reasonable compensation deprives them of their due process rights. A hearing was held on November 5, 1984. Time schedules had been on file with the court. Objections were heard and the petitioners had an opportunity, and did, in fact, make statements to the court. During that hearing, counsel for the Creditors' Committee requested that the court review all fee awards. Neither petitioning attorney objected to that request in open court or suggested that such review was improper. By no stretch of the imagination were the petitioners' due process rights violated. The fact that all fee matters are properly before the court at a hearing on final compensation further negates the argument that petitioners were somehow deprived of a property interest without proper hearing.

In its order of December 7, 1984, this court stated that its decision was premised in part upon the recommendation of the Bankruptcy Judge before whom most proceedings in this case took place. The reason for that partial reliance was that this court thought it fairer to all parties to give

consideration to the thoughts of a judge more thoroughly familiar with the matters. However, in view of the motion for reconsideration, this court has undertaken a complete review of the record and all documentation. The award, upon reconsideration is premised entirely upon that review, documents, and arguments of counsel.

Section 330 of the Bankruptcy Code governs compensation and provides in pertinent part:

§ 330. Compensation of officers.

(a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330 (West 1984).

Two approaches have involved governing the award of attorneys fees. The first approach, except for the rejection of the notion that "economizing" should govern fee awards in bankruptcy cases, is similar to the approach utilized under the Bankruptcy Act. *In re Sapolin Paints, Inc.*, 38 B.R. 807, 810 (Bankr.E.D.N.Y.1984). The approach is premised upon analysis of several factors which include: 1) nature of the services rendered; 2) difficulties and complexities encountered; 3) time necessarily expended; 4) burden the estate can safely bear; 5) results achieved; 6) size of the estate; 7) duplication of services; 8) professional standing, ability, and experience of the applicant; and fairness to each appli-

cant. The approach is very similar to that first set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) rendered applicable to bankruptcy cases in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977). *Cert. denied* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388.

■ Also, frequently utilized is the "lodestar" approach which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. *Sapolin Paints*, 38 B.R. at 810; *citing Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir. 1980). This court views the lodestar approach as the appropriate starting point, with the other *factors* considered where appropriate. Such a consideration beyond hours expended is particularly important in this "liquidating" Chapter 11 case where all fees paid to attorneys, in essence, come from the pockets of the unsecured creditors. Therefore, the court must review any application for compensation with an eye to achieving a result which is fair to all parties. Moreover, in this matter, the Unsecured Creditors' Committee has objected vehemently to the amounts sought under applications for final compensation.

### APPLICATION OF J. BARTON KALISH & ASSOCIATES

■ In the present matter, the attorneys for the debtor and debtor-in-possession seek a final award of $26,285.75. An interim award of $135,000 plus costs of $1,791.15 less the original retainer of $15,000.00 leaving a balance of $121,791.15. For the reasons set forth herein, this court declines to award the attorneys for the debtor and debtor in possession additional compensation.

In applying the factors set forth above to the present matter, a few major areas of concern arise. One factor to be considered is the difficulty and complexity of matters.

Although this court is aware that many matters in this case were of a complex nature, a rather substantial amount of associate time was given the very routine

tasks of proofreading, dispatching, xeroxing, and filing with the court. In this instance, the court cannot approve fees for those routine tasks at the requested rate of $100.00 or $110.00 per hour.

A second item of concern regards lengthy billing for telephone conversations. Few are for less than ¼ hour. There are several entries with 2 or 3 calls combined for from 1 to 3 hours of time. This court does not suggest that phone conversations are not compensable. However, the purposes and length of the conversations must be clearly set out for the court. Though that was sometimes done, it was not always done. Moreover, the total time billed for telephone conversations exceeded *345* hours. The court declines to award compensation for such large blocks of telephone time at the requested rates of $100.00–$160.00 per hour.

Third, certain efforts, such as having more than one attorney in court for a status call, in absence of special justification, are duplicative, and cannot be fully compensated.

Fourth, the petition which formed the basis for the interim award estimated additional time required for processing proofs of claim. The estimated amount was $5,100. Yet, the final petition seems to request compensation for some of the same efforts in that there are billing entries for items concerning proofs of claim. Also, regarding the proofs of claim, this court simply does not feel that routine work on them is properly compensated at the rate of $110 per hour and declines to do so. The time sheets referred to "review" of claims which appears to be work of a routine nature. The time sheets reflect nothing complex to warrant $110.00 per hour. Time for routine work on proofs of claim approximated 13 hours in addition to the amount initially estimated.

A careful review of the documents in the matter of fees for J. Barton Kalish and Associates indicates to the court that the request appears somewhat excessive. The court must carefully scrutinize the present request because any fees reduce the dividend to unsecured creditors and because of the objections of the committee with which the court agrees. Although the court holds the view that the record might support a reduction in total fees awarded, the court finds the award of February 1, 1983 to be reasonable compensation in this matter. It is hereby ordered that the award of $121,-791.15 plus costs of $1,791.15 is reasonable compensation to the attorneys for the debtor and debtor-in-possession. However, no further fees will be awarded.

## APPLICATION OF SIDNEY MORRISON

Sidney Morrison of Morrison & Kamins, P.C. was awarded $24,800.00 plus $75.20 in costs on February 1, 1983 as special counsel. First, the court notes that in their respective petitions for final compensation, both the Kalish firm and Morrison & Kamins take credit for bringing into the estate an additional $116,266.48. The allegation suggests duplication of services. Since the court considered that factor in determining reasonable compensation for the Kalish firm, no further compensation will be awarded to Morrison & Kamins for that item. Most entries on the time sheets are telephone calls, of which none was less than ¼ hour. Although the descriptions in the Morrison application are sketchy, they appear to be of the same or similar subject matter as certain of the Kalish firm's calls. They appear routine, excessive and not properly compensable at $110.00 per hour. Therefore, the court considers $24,800 to be fair and reasonable compensation for services performed by Morrison & Kamins and declines to award further fees.