## In re WITTMAN ENGINEERING & MANUFACTURING CO., INC., Debtor.

### Bankruptcy No. 82 B 8263.

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 24, 1986.

James D. Newbold, Asst. Atty. Gen., Revenue Litigation Div., Chicago, Ill., for Illinois Dept. of Revenue.

Mary Hylton, Richards & Ralph, Chtd., Libertyville, Ill., for debtor.

James R. Stuber, Park Ridge, Ill., for movant.

Allen R. Cohen, Edward Limperis, Chicago, Ill., for Trustee.

Gerard A. Brost, Trial Atty., Tax Div. U.S. Dept. of Justice, Washington, D.C., for Dept. of Justice.

---

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter comes before the court on the amended application of James R. Stuber ("Stuber") for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330(a). Objections thereto have been filed by the debtor and by certain creditors, i.e., the United States and the Illinois Department of Revenue. For the reasons set forth below, the court allows Stuber compensation in the amount of $3,904.50 for attorney's fees and in the amount of $224.00 for reimbursement of expenses.

On June 24, 1982, the debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 14, 1983, the court approved the retention of Stuber by the debtor to represent it in these proceedings under a general retainer. Stuber now seeks compensation for his representation of the debtor from February 9, 1982 to June 5, 1984[1] in the amount of $39,045.00[2] plus reimbursement of expenses totalling $365.70. On June 5, 1984, the case was converted to Chapter 7 upon the motion of the U.S. Trustee due to the unlikelihood of reorganization. A hearing on Stuber's application was held on October 29, 1986. The debtor requested that the court disallow the fee request in its entirety, while the objecting creditors sought at least a substantial reduction in the amount of any fees awarded. Among the objections raised, the excessiveness of the fees sought and the lack of benefit to the estate were mentioned by all objectors.

In addition to any objection raised by a party in interest, a bankruptcy court has an independent authority and responsibility to investigate the reasonableness of compensation. *In re Holthoff,* 55 B.R. 36, 39 (Bankr.E.D.Ark.1985). In considering an attorney's fee application under 11 U.S.C. § 330,[3] a bankruptcy court may take into consideration such factors as (1) the nature of services rendered; (2) the time and labor required; (3) the novelty and difficulty of questions presented; (4) the skill required to perform legal services properly; (5) the amount involved and the results obtained; (6) the burden the estate can safely bear; (7) the size of the estate; and (8) awards in similar cases. *In re N.S. Garrott & Sons,* 54 B.R. 221, 222 (Bankr.E.D.Ark.1985); *In re D. Diorio & Sons, Inc.,* 46 B.R. 648, 650 (Bankr.N.D.Ill.1985).

Keeping the foregoing principles in mind, the court, having carefully reviewed Stuber's application, finds that the total fees charged are excessive based on both the quality and quantity of work performed and the results obtained.

First of all, the court will not allow any recovery for services rendered prior to court approval of Stuber's employment.[4] Stuber contends that an order based upon a general retainer in the 7th Circuit is *nunc pro tunc* as of the date the debtor's petition was filed based on the bankruptcy court's equitable powers. Stuber cites no case law in support of this argument. However, this court strongly agrees with the analysis of the court in *In*

---

1. On June 5, 1984 substitute counsel for the debtor was sought and approved by the court.

2. The fees represent 520.6 hours at $75.00 per hour.

3. Section 330 of the Bankruptcy Code provides in pertinent part:

    (a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

    (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any para-professional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

    (2) reimbursement for actual, necessary expenses.

4. A large portion of those hours represent pre-petition services which would be disallowed in any case.

*re Kroeger Properties and Development, Inc.,* 57 B.R. 821 (Bankr.App. 9 (Ca.1986)) that the traditional function of a *nunc pro tunc* order is remedial in nature and to be used in the case of a prior unentered or incorrectly entered order. When a *nunc pro tunc* order approving the appointment of debtor's counsel is proper, the court has in fact already given its prior approval to the professional's employment. *Id.* at 824 (J. Elliott, concurring and dissenting). A *nunc pro tunc* order is improperly sought when the employment, due to an attorney's mere negligence or inadvertence, has not yet been court-approved. Allowing a judge to limit *nunc pro tunc* orders to extraordinary circumstances will deter attorneys from general non-observance of section 327. *Id.* at 822–23. *See also In re Liddell,* 46 B.R. 682 (Bankr.E.D.Ca.1985).

■ Of the hours remaining to be considered, the application is replete with examples of inordinate amounts of time expended in relation to the results obtained or sought. In view of the fact that there is only one major asset in this estate, i.e., a commercial building, and a relatively small number of creditors, the majority of the hours expended were excessive and unnecessary. For example, the only tangible product of the approximately 104.0 hours expended and itemized [5] for legal research in general, and specifically with respect to the IRS lien on debtor's property, is a two-page, single-spaced Motion to Recover Property and a two-page, single-spaced Memorandum in Support thereof.[6] Yet, in his Application to be retained as debtor's attorney, Stuber states that he has considerable experience in matters of this character and is well-qualified, having been a bankruptcy attorney for nine years and possessing an LLM in Taxation. The court will allow no fees, *inter alia,* for general research on law which is well known to practitioners in the areas of law involved. *See In re Continental Illinois Securities Litigation,* 572 F.Supp. 931 (N.D.Ill.1983).

Moreover, the court feels that a reduction in the fee to be awarded is appropriate because of the conflict of interest in this case. On his Statement of Fees originally filed in connection with this bankruptcy petition in June of 1982, Stuber lists his address as "Madsen & Associates, 1 N. Northwest Hwy., Park Ridge, IL 60068." On January 14, 1983, in connection with his Motion to Recover Property, Application to Employ Attorneys, and Petition to Amend Chapter 11 Statement, Stuber filed an Affidavit of Mailing wherein his address is again listed as "James R. Stuber/Madsen and Associates, Attorneys for Debtor, One N. Northwest Highway, Park Ridge, Illinois 60068" with the same phone number as that listed in the current Sullivan's Law

---

**5.** The following is excerpted from Stuber's application:

1983

| | | |
|---|---|---|
| Jan. 29 | Review law re: challenge legality of FICA Assessment per request of DIP | 8.0 |
| Jan. 30 | Continue FICA review | 3.0 |
| Feb. 19 | Review of Internal Code sections app. | 8.0 |
| Feb. 20 | Law review | 10.0 |
| Feb. 22 | Conf. with U.S. Trustee Baldi re: removal of IRS lien; cont. research re: appropriate code section to bring motion | 9.0 |
| Mar. 8 | Telephone McLennan Realty, law review, Prep. of Motion to Recover, Prep. of Plan, file | 5.4 |
| Mar. 11 | Law and file review | 6.0 |
| Mar. 12 | Law and file review | 10.0 |
| Mar. 15 | Research on removal of IRS lien on factory | 8.0 |

1983

| | | |
|---|---|---|
| Mar. 16 | Continued research on removal of IRS lien, recap., letter to IRS-Jones | 5.5 |
| Mar. 18 | Continued Law Review re: IRS lien | 5.0 |
| Mar. 22 | Continued Law Review re: IRS lien | 10.0 |
| Mar. 23 | Obtained and reviewed tax returns of debtor 1979 to 1981 which debtor's disputed; reviewed with debtor at home, reviewed law | 7.8 |
| Mar. 24 | Prepare for conference, research re: IRS lien | 8.3 |
| | TOTAL: | 104.0 |

**6.** The motion, which was filed in January, 1983, was eventually adjourned sine die in April, 1983 after several continuances, re-filed in January, 1984, and thereafter again adjourned sine die one month later.

Directory under Madsen & Associates. Moreover, Sullivan's Law Directory for 1983–1984 lists James R. Stuber as an associate under the entry of Madsen & Associates. Madsen & Associates is a creditor of this estate in the amount of $35,820.00.

Bankruptcy Rule 9001(9) provides that a "regular associate" of a law firm is any attorney regularly associated with an individual or firm. Stuber now argues that he is not a partner, employee, or associate of Madsen & Associates but has affiliated himself with that firm to handle certain cases from time to time. However, the court finds that a conflict of interest situation existed in this case which was never disclosed in Stuber's application for employment for ruling by the court. The court concludes that Stuber was sufficiently affiliated with Madsen & Associates so that Stuber's failure to advise the court of the creditor status of his affiliated law firm would warrant not only Stuber's disqualification to represent the debtor herein but also a disallowance of Stuber's fee in its entirety. *See Matter of Patterson,* 53 B.R. 366 (Bankr.D.Neb.1985); *In re Roberts,* 46 B.R. 815, 846 (Bankr.D.Utah 1985).

Based on the foregoing, the court concludes that a reasonable fee award in this case is $3,904.50. The itemized statement filed by Stuber in support of fees is "devoid of any content which would support an award of any magnitude." *See Matter of Rutherford,* 54 B.R. 784 (Bankr. W.D.Mo.1985). Based on the record in this case, the amount sought in Stuber's application borders on the outrageous and unconscionable.

With respect to Stuber's application for reimbursement of expenses, the court finds that the request lacks sufficient detail and itemization for the court to determine the reasonableness of any expenses other than the appearance and filing fees. The court will therefore only allow reimbursement of expenses in the amount of $224.00.

SO ORDERED.