**In re N.S. GARROTT & SONS, Debtor.**

**In re EASTERN ARKANSAS PLANT-ING COMPANY, Debtor.**

**Bankruptcy Nos. JO 83–215M,
JO 83–216M.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

July 23, 1985.

Richard Frockt, Stewart E. Bland, Barnett & Alagia, Louisville, Ky., James E. Smith, Jr., Little Rock, Ark., for debtors.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On July 23, 1984, Barnett & Alagia, counsel for N.S. Garrott & Sons, debtor in Case No. JO 83–215M and counsel for Eastern Arkansas Planting Company, debtor in Case No. JO 83–216M, filed its first fee application for professional services performed from March 20, 1984, through June 29, 1984, in the sum of $54,986.50 for attorneys fees and $9,059.84 for expenses. On February 19, 1985, Barnett & Alagia filed its second fee application for interim allowance of compensation and reimbursement of expenses. The second application requests for interim compensation of $42,-880.00 for professional services and ex-

---

penses of $6,997.37 for services rendered through December 28, 1984. A final fee application was filed subsequent to the hearing on the second application. The final application requests an additional fee of $37,960.00 for services rendered from October 23, 1984, through April 30, 1985, and an expense reimbursement of $4,620.19. Previous applications submitted by co-counsel, Mitchell, Williams, Selig, Jackson & Tucker, total $101,680.18, including expenses.

A hearing was held on April 17, 1985, on Barnett & Alagia's second fee application and on June 3, 1985, a hearing was held on their final fee application. The total combined fee requests to date, including expenses are for $258,584.08. No creditor has objected to the second fee application of Barnett & Alagia. The Federal Land Bank of St. Louis, a creditor, objected to the final fee request.

■■■ The Court is charged with the responsibility of preventing overreaching by attorneys in connection with their attorneys' fees. *In re Bolton*, 43 B.R. 598 (Bkrtcy.E.D.N.Y.1984). The bankruptcy court has the independent authority and responsibility to investigate the reasonableness of compensation. Bankruptcy Rule of Procedure 2016(a); *In re Four Star Terminals, Inc.*, 42 B.R. 419 (Bkrtcy.D.Alaska 1984); *In re Malden Mills, Inc.*, 42 B.R. 476 (Bkrtcy.D.Mass.1984); *In re Thomas, Inc.*, 43 B.R. 510 (Bkrtcy.D.Mass.1984). The burden of proof as to the reasonableness of requested compensation is that of the applicant. *In re Crutcher Transfer Line, Inc.*, 20 B.R. 705, 710 (Bkrtcy.W.D. Ky.1982); *In re Werth*, 32 B.R. 442 (Bkrtcy.D.Colo.1983); *Matter of Liberal Market, Inc.*, 24 B.R. 653 (Bkrtcy.Ohio 1982).

Compensation in bankruptcy cases is governed by 11 U.S.C. § 330 which provides generally that after notice and a hearing, the court may award to an attorney employed under 11 U.S.C. § 1103 reasonable compensation for actual and necessary services rendered by the attorney based upon the time, the nature, the extent and the value of the services and the cost of comparable services other than in bankruptcy cases. When determining the reasonableness of fees, many courts consider the enumerated factors in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The elements are:

1. Time and labor required;
2. Novelty and difficulty of the question;
3. The skill required to perform the legal service properly;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. Customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation and ability of the attorneys;
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client; and
12. Awards in similar cases.

*In re Werth*, 32 B.R. at 442; *In re Global International Airways Corp.*, 38 B.R. 440 (Bkrtcy.W.D.Mo.1984); *In re Garnas*, 40 B.R. 140 (Bkrtcy.D.N.D.1984); *See also Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir. 1979).

These counsel represent both debtors in two separate bankruptcy cases which were procedurally, but not substantivally consolidated. Each debtor is a general partnership engaged in farming. One debtor is insolvent while the other debtor is solvent. One debtor is a creditor of the other for a sum in excess of $800,000. The partners of each debtor partnership are different. In this Court's view, a conflict of interest for

counsel has existed throughout these proceedings because of this dual representation of each debtor.

The Court has advised counsel and creditors of its concern about the conflict of interest on more than one occasion, yet counsel have continued to overlook the conflict, and no creditor complains. The duty to disclose the conflict rested with counsel for the debtors. *In re Roberts*, 46 B.R. 815, 839 (Bkrtcy.D.Utah 1985); *In re Haldeman Pipe and Supply Company*, 417 F.2d 1302, 1304 (9th Cir.1969); *In re B.E.T. Genetics, Inc.*, 35 B.R. 269, 273 (Bkrtcy.E.D.Cal.1983); *In re Coastal Equities, Inc.*, 39 B.R. 304, 308 (Bkrtcy.S.D.Cal. 1984); *In re Chou-Chen Chemicals, Inc.*, 31 B.R. 842 (Bkrtcy.W.D.Ky.1983). The conflict of interest in this case is so substantial that it would constitute grounds to deny counsel, Barnett & Alagia, and co-counsel, Mitchell, Williams, Selig, Jackson & Tucker, all entitlement to compensation. *Woods v. City National Bank & Trust Company of Chicago*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820, *reh'g den.*, 312 U.S. 715, 61 S.Ct. 736, 85 L.Ed. 1145 (1941); *In re Roberts*, 46 B.R. at 815; *In re Chou-Chen Chemicals, Inc.*, 31 B.R. at 850. *See also In re Haldeman Pipe & Supply Company*, 417 F.2d at 1302; *Matter of Georgetown of Kettering, Ltd.*, 28 B.R. 120 (Bkrtcy.S.D.Ohio, W.D.1983).

The cases were filed in November of 1983, and the consolidated plan was not confirmed until March 25, 1985. A total of fifteen attorneys and paralegals have worked on the case from both firms, and the total fees charged are excessive for both the quality and quantity of work performed. The plan was modified three different times, and two confirmation hearings were conducted. The failure to secure a confirmed plan until March, 1985 was due to an obstinate failure to comply generally with the provisions of 11 U.S.C. § 1129. The provisions contained in the plan were confusing and prolix. The first two plans were especially inadequate and contained numerous basic errors and omissions. These are discussed in detail in this Court's memorandum opinion of December 7, 1984, 48 BR 13. Much more expertise is expected by this Court from counsel who demand remuneration in the amounts requested here. True, these cases were complicated, but they were not nearly as complex as counsel have made them.

One explanation for the magnitude of this fee request is the method used by Barnett & Alagia in computing their billing at a blended rate for attorney and nonattorney staff at $80.00 per hour for all services performed. The result is to overcharge the estate and is illustrated by several examples.

Counsel who are employed by Chapter 11 debtors are required to prepare routine documents hiring themselves as attorneys. These documents consist of applications, orders, and in this case an affidavit *pro hac vice* for out-of-state counsel. The time spent in preparing these documents is not only greatly exaggerated, but is also non-compensable. For these services counsel have billed the estate as follows:

| Date | Service | Attorney/ Paralegal | Hours |
|------|---------|---------------------|-------|
| 3–26–84 | Preparation of *pro hac vice* and appointment as special counsel | PLH | 1.50 |
| 3–27–84 | Preparation of *pro hac vice* and appointment as special counsel | PLH | 4.50 |
| 3–27–84 | Pleading preparation re application to employ special counsel | BWH | .80 |
| 4–09–84 | Preparation of affidavit of disinterested person Rule 5002 | SEB | .80 |

| Date | Service | Attorney/Paralegal | Hours |
|------|---------|--------------------|-------|
| 4–13–84 | Preparation of application to employ counsel | PLH | .50 |
| 4–16–84 | Pleading preparation re *pro hac vice* | PLH | .80 |
| 4–17–84 | Preparation of application to employ counsel | PLH | .80 |

Total 9.70 hours @ $80.00 per hour = $776.00.

During the administration of the estate counsel have also spent considerable time preparing fee applications and documents to hire and to pay accountants. These documents consist of applications and orders. Compensation for the time spent preparing fee applications is not compensable. *Matter of Liberal Market, Inc.*, 24 B.R. 653, 661 (Bkrtcy.S.D.Ohio 1982); *In re Citizens Mortgage Investment Trust (CMIT)*, 37 B.R. 813, 820 (Bkrtcy.D.Mass.1984); *In re Pacific Homes*, 20 B.R. 729, 738 (Bkrtcy.C. D.Cal.1982); *In re ABSCO, Inc.*, 23 B.R. 250, 252 (Bkrtcy.E.D.Pa.1982). *But see Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088, 1093 (5th Cir.1980); *In re United Rockwool, Inc.*, 32 B.R. 558, 561 (Bkrtcy.E. D.Va., Richmond D.1983). For these non-compensable services counsel have billed the estate as follows:

| Date | Service | Attorney/Paralegal | Hours |
|------|---------|--------------------|-------|
| 1–03–85 | Preparation of interim application for fees | PLH | 1.00 |
| 1–04–85 | General services re: fee application | PLH | 0.50 |
| 1–07–85 | Preparation of fee application, notice of hearing, correspondence regarding the same, etc. | PLH | 3.00 |
| 1–09–85 | Correspondence to Messrs. Montgomery and Garrett, re: application for interim fees and expenses | RJF | 0.20 |
| 1–24–85 | Pleadings preparation re: application for payment to accountant | PLH | 0.40 |
| 1–25–85 | Preparation of application to pay accountant | PLH | 2.00 |
| 1–25–85 | Conference with S.E.B. and prepare corrected fee order | PLH | 0.50 |
| 1–25–85 | Telephone conference with J. Mixon's sec. re: revised fee order | PLH | 0.30 |
| 1–29–85 | Revisions to applications for attorneys fees and acountants fees | PLH | 0.50 |
| 4–10–85 | Pleading preparation re: applications to pay Fletcher and Rutledge | PLH | 2.00 |
| 4–11–85 | Review drafts of applications to pay | PLH | 1.00 |
| 4–25–85 | Review BIT's, fee application, etc. | PLH | 1.50 |

Total 12.90 hours @ $80.00 per hour = $1,032.00.

Counsel for debtors employed nonattorney staff to work on preparation of the plan and disclosure statement and to work on amendments to the plan and disclosure statement. The total time charged for this work, including the services of trial counsel, Mr. Bland and Mr. Frockt of Barnett & Alagia, amounts to 371.60 hours billed at a rate of $80.00 per hour which equals $29,728.00. This is for services performed only through December 28, 1984, and does not include time spent in actual court hearings.

Barnett & Alagia's final fee application also requests compensation for revisions to the plan of reorganization and preparation of the amended plan of reorganization. The time charged for this work, including the services of trial counsel, associates, and paralegals, amounts to 99 hours billed at a rate of $80.00 per hour which equals

$7,920.00.[1] This time does not include the hours of conferences among the various counsel, the paralegals, and the debtors regarding the amended plan of reorganization.

Counsel for debtors billed over 13 hours of time in the preparation of a single document order for the Court allowing the use of cash collateral in April, 1984. Considerable time in research and brief preparation was charged for a meritless appeal of this Court's Order of adequate protection. Preparation of an application to employ and compensate an appraiser required preparation time of 8.50 hours. An application for a simple bar order required two hours of preparation time. A reply to a creditor's, International Harvester's, complaint for adequate protection required 4.50 hours and was essentially a general denial. Most of these pleadings should have taken less than 30 minutes of attorney preparation time.

On April 11, 1985, counsel billed 3.50 hours at $80.00 per hour for a paralegal to prepare files for closing. The applications are replete with other examples of inordinate amounts of time expended for routine matters. Fee requests for ministerial tasks performed by counsel should not be allowed as compensable time. *Matter of Dee's Resort Wear, Inc.*, 25 B.R. 591 (Bkrtcy.M.D.Fla., Tampa D.1982).

In short, the applications indicate on their face no justifiable reason for the exorbitant time charges. The itemizations of services rendered are not trustworthy guides for computing the value of the services rendered to the estate. The Court feels that a reduction in the fee to be awarded because of the conflict of interest is appropriate. Therefore, in consideration of the facts that a conflict of interest existed throughout the case, that inordinate amounts of time were spent on ministerial duties, that an excessive blended hourly rate was used in calculating the fee re-

quest, the complexity of this case, the skill required and the results obtained, counsel are awarded a total fee for the entire case of $60,000.00. All other charges for legal services rendered are disallowed.

The expenses also appear excessive. Requested expenses total $20,677.40. No documentation was offered in support of the request. Long distance telephone charges do not correspond with the itemized bill for legal services. Lodging charges are sometimes listed at over $100 per day which, without explanation, seem excessive for this area of the country. Airfare charges range from $358.00 per trip to $511.00 per trip, apparently all from Louisville, Kentucky, to Little Rock, Arkansas or Memphis, Tennessee. Therefore, the request for reimbursement of expenses is denied without prejudice to counsel's resubmitting documentation to support each item charged.

Within thirty days of the entry of the Order of this same date, counsel are directed to pay to the Clerk of the Bankruptcy Court any fees previously awarded over and above the $60,000.00 now awarded by this Court. Under these circumstances, counsel shall not be entitled to future compensation from the debtors without further order of this Court, until the case is closed, even though a confirmed plan has been entered.

IT IS SO ORDERED.

---

1. Counsel have grouped several services into one billing time allotment which will be construed against them. *See In re Bishop*, 32 B.R. 302 (Bkrtcy.D.R.I.1983). An example of this billing technique occurred on 2–11–85 with a description of service as "preparation for hearings, amended plan, conference, etc." PLH 5.00.