## In re STANWOOD DEVRIES, INC., Debtor.

### Bankruptcy No. 86–07158.

United States Bankruptcy Court, D. New Jersey.

April 8, 1987.

Clapp & Eisenberg by Karen L. Bisaccio, Newark, N.J., for debtor.

Kirsten, Friedman & Cherin by Richard M. Meth, Newark, N.J., Hahn & Hessen, by Suzanne Andrews, New York City, for Glenfed Financial Corp.

Kleinberg, Moroney, Masterson & Schachter, Millburn, N.J., by Lee D. Gottesman, Trenton, N.J., for the Creditors Committee.

## OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

The present matter was reserved by this Court as to counsel fees at a hearing February 17, 1987 regarding an objection to proposed private sales of the Debtor's assets by its secured lender Glenfed Financial Corporation (hereinafter, "Glenfed"). Based upon the record in this case, the following constitutes this Court's relevant findings of fact.

On November 17, 1986 the Debtor, Stanwood DeVries, Inc. (hereinafter, "DeVries") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code and thereafter remained in operation of its business as a Debtor-in-Possession. On November 26, 1986 the Debtor entered into a postpetition accounts receivable financing agreement (hereinafter, "Financing Agreement") with Glenfed.[1] Said agreement was approved by this Court by a Financing Order dated November 26, 1986 authorizing the Debtor-in-Possession to borrow monies and grant security interests pursuant to § 364 of the Bankruptcy Code. In essence, the objection by Glenfed at the February 17, 1987 hearing involves the last decretal paragraph of counsel for the debtor's proposed form of order authorizing the private

---

1. Counsel for Glenfed's letter brief dated February 24, 1987 indicates that exhibits 1, A and B attached to the November 26, 1986 Financing Application were the Financing Order, existing security agreements, and Rider Agreement respectively. Exhibits "1", "A" and "B" are collectively referred to as the "financing arrangement."

sales and the disbursement of funds from the proceeds of such sales.

The contested paragraph which was stricken by the Court from the order authorizing the sales and disbursement, had provided that pursuant to Section 506(b) of the Bankruptcy Code, upon filing of application by Glenfed for reasonable attorneys' fees and costs consistent with the loan documents involved in this case, a hearing was to be held for a determination by this Court of the reasonableness of the requested fees.

Counsel for the secured lender, Glenfed, based its objection to the proposed form of order upon the language of the November 26, 1987 Financing Agreement which authorizes Glenfed to charge its attorneys' fees to the total amount of the outstanding balance of DeVries' indebtedness. Specifically, Sections 3.11 and 3.12 of the Accounts Receivable Financing Agreement provide:

"3.11 Borrower shall reimburse Lender on demand for all costs of collection incurred by Lender in efforts to enforce payment of accounts, including outside attorneys' fees and the fees and commissions of collection agencies. All and any fees, costs and expenses, of whatever kind and nature, including taxes of any kind, which Lender may incur in filing public notices, and the charges, costs and disbursements of any attorney whom Lender may engage in preparing this agreement and any other documents, filing documents, making lien or other title examinations and rendering opinion letters, as well as expenses incurred by Lender (including, without limitation all attorneys' fees), in protecting, maintaining, preserving or enforcing the obligations, the Collateral or the pledge, lien and security interest granted to Lender hereunder, whether through judicial proceedings or otherwise, or in defending or prosecuting any actions or proceedings arising out of or related to Lender's transactions with Borrower, including actions or proceedings which may involve any person asserting a priority or claim with respect to the Collateral, shall be borne and paid for by Borrower on de-

mand and until paid by Borrower shall be added to and deemed part of the obligations.

"3.12 Lender shall have the right to charge to Borrower's account all expenses and charges which are incurred in connection with any collection arrangement, and Borrower shall hold Lender harmless against all claims and liabilities directly or indirectly arising from any such arrangement."

The parties consent that Glenfed is entitled to counsel fees. The limited issue to be considered, is whether Glenfed as the secured lender must first submit to this Court a statement of proofs with regard to those fees, and whether this Court has jurisdiction to rule on the reasonableness of such fees. Answering the above question in the affirmative, the Debtor contends that the provisions of Section 506(b) apply. Counsel for the Lender however, argues that Glenfed's right to charge such fees under the terms of the Financing Agreement are subject to the Court's review as to reasonableness, only upon a preliminary determination by counsel for the Debtor that such fees are unreasonable.

In his opposing papers, counsel for Glenfed argues first, that Glenfed's right to charge to the Debtor's account reasonable attorneys' fees was an inducement to and requirement by the Lender before agreeing to finance the Debtor postpetition. Counsel for the Lender points to Glenfed's prepetition financing arrangement with DeVries under which Glenfed had the right to charge to Debtor's account of obligations owing to Glenfed, reasonable attorneys' fees. Counsel for the Lender further argues that DeVries failed to object to Glenfed's charging of attorneys' fees to its account when the Debtor signed the financing application and presented the Financing Order to the Court. As to this point, counsel states that the Debtor is now apparently attempting to "restructure" the financing arrangement after the terms have been arranged. Finally, counsel contends that the language of the Financing Order itself which incorporates the November 26th Financing Agreement, allows

Glenfed to charge into Debtor's account of outstanding obligations reasonable attorneys' fees without making a fee application to the court. Counsel directs the Court's attention to *James Talcott, Inc. v. Wharton* (In re Continental Vending Machine Corp.) 543 F.2d 986, 992 (2d Cir.1976) (a case under the Bankruptcy Act) in support of its general proposition that § 506(b) of the Bankruptcy Code does not apply to a secured lender financing a Chapter 11 debtor pursuant to Bankruptcy Code § 364 and a financing order. The Court disagrees and finds that Congress in passing 11 U.S.C. 506(b) has expressly placed the question of the "reasonableness" of attorneys' fees to be paid pursuant to the terms of a security agreement, under the jurisdiction of this Court.

Based upon a review of the facts and relevant law, this Court concludes that the attorneys' fees to be charged to Debtor's outstanding balance of indebtedness by its secured lender are subject to a preliminary determination by this Court of the reasonableness of such fees pursuant to § 506(b) of the Bankruptcy Code.

11 U.S.C. Section 506(b) provides:

"To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any *reasonable fees,* costs, or charges provided for under the agreement under which such claim arose." (Emphasis added)

Generally Section 506(b) of the Code makes express provision for the allowance as part of an allowed secured claim, to the extent that the collateral exceeds the amount of such claim after any recovery under Section 506(c), reasonable attorneys' fees provided for in the governing agreements. 3 *Collier on Bankruptcy* § 506.05 at 506–38 (15th ed. 1986). Thus, under the statute, Glenfed can recover only to the extent that the value of its security was greater than the amount of its claim on the date the Debtor's petition was filed.[2] Postpetition attorneys' fees have been upheld under § 506(b) when expressly provided for by contract. 3 *Collier, supra* at 506–40. Moreover, the determination of the allowability of postpetition attorneys' fees often arises in a context such as that of the present case, that is, where the matter involves the amount to be paid to the holder of a secured claim out of distributions from the sale of collateral in a Chapter 11 reorganization. Id. at 506–42.

With regard to the case at bar, the courts have consistently held that there are additional requirements for the recovery of attorneys' fees, besides the requirement of excess value mentioned above. Such fees and costs must be provided for in the agreement under which the claim arose and *the costs must be reasonable. Matter of Kennedy Mortgage Co.,* 23 B.R. 466 (Bkrtcy.D.N.J.1982) See also *In re Carey,* 8 B.R. 1000 (Bkrtcy.S.D.Cal.1981). At this juncture, Glenfed disputes its obligation to initially submit to this Court detailed documentation listing the precise nature of the work performed by its counsel, the hours expended and the rate of pay of each task performed by counsel incurred in connection with any collection arrangement. The Third Circuit has stated it would require such an itemization before payment of any attorneys' fees. See *Lindy Brothers Builders, Inc. v. American Radiator,* 540 F.2d 102, 108 (3rd Cir.1976).

The Court specifically rejects Glenfed's contention that the language of the November 26, 1986 Financing Agreement precludes an initial determination by this Court that such fees are reasonable. On this point, the *Kennedy* Court has stated:

"Even though the notes signed by the debtor provided that the Bank would be reimbursed for its attorneys' fees, *such a contractual provision is not carte blanche for the Bank to charge the debtor "any" fee incurred,* regardless of the nature and difficulty of the work per-

---

**2.** Counsel for the Debtor in her memorandum of law filed March 6, 1987 states that the memorandum is submitted without prejudice to a subsequent assertion by the Debtor that Glenfed is not, in fact, an oversecured creditor in these Chapter 11 proceedings.

formed. This is in accordance with the general American Rule that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefore. *Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters,* [456 U.S. 717], 102 S.Ct. 2112, [72 L.Ed.2d 511] (1982). Although the debtor's contract with the Bank requires the payment of attorneys' fees, Section 506(b) of the Code imposes a requirement of *reasonableness* on these fees consistent with the purpose of the Bankruptcy Code. The *Lindy Brothers,* case, *supra,* 540 F.2d at 108, requires a clear specification of services performed in order for any court to make a determination as to the reasonableness of fees. *These factors must apply whether the claim for attorneys' fees is based on statute or contract."* (Emphasis added.)

Thus, this Court finds that the attorneys' fees provided for in the November 26, 1986 Financing Agreement are subject to this Court's preliminary determination of their reasonableness.

The Court by so holding follows the overwhelming majority of courts which have found that they have "inherent power" to determine the reasonableness of the amount of any attorneys' fees to be allowed under § 506(b), and have generally required the party seeking compensation to carry the burden of demonstrating reasonableness to the Court. 3 *Collier, supra,* § 506.05 at 506–49 (citing, inter alia, cases within this Circuit, *Acceptance Associates of America, Inc. v. Zimmerman (In re H.P. Tool Manufacturing Corp.),* 12 B.R. 600, 602–03 (Bkrtcy.E.D.Pa.1981)); *Mellon Bank, N.A. v. Sholos (In re Sholos,* 11 B.R. 782, 785–86 (Bkrtcy.W.D.Pa.1981)). Glenfed seeks to be compensated for its attorneys' fees out of funds which are assets of the Debtor-In-Possession. It is the obligation of this Court to ensure the reasonableness of all fees awarded out of the estate. *In re Miracle Enterprises, Inc.,* 57 B.R. 133, 135 (Bkrtcy.D.R.I.1986). To hold § 506(b) inapplicable therefore would be to open the door to potential abuse and substantial injustice which our current system of laws has sought to prevent. As the Fifth Circuit Court of Appeals has recently stated:

"In the case of attorneys' fees sought in connection with a secured claim, Congress has clearly chosen to exercise its broad power to establish a uniform rule respecting the existence and extent of a right by enacting § 506(b)" *In re Hudson Shipbuilders, Inc.* 794 F.2d 1051, 1058 (5th Cir.1986).

Accordingly, without the required documentation submitted to this Court, Glenfed will be held to have failed to sustain its burden of proof that the fees, for which reimbursement is or will be sought, are reasonable. *Kennedy,* 23 B.R. at 474.

An order consistent with this opinion is to be submitted by the attorney for the Debtor within seven (7) days.