**In re John Gregory McCORMICK, Debtor.**

No. 06–80976.

United States Bankruptcy Court, M.D. North Carolina, Durham Division.

Oct. 29, 2008.

John Gregory McCormick, Salisbury, NC, pro se.

Richard M. Hutson, II, Durham, NC, Peter J. Sarda, Wallace, Nordan, & Sarda, L.L.P., Raleigh, NC, Charles Gordon Brown, Scott David Zimmerman Brown & Bunch, PLLC, Chapel Hill, NC, for Petitioning Creditors.

David M. Rooks, Northen Blue, LLP, Stephanie Osborne–Rodgers, Chapel Hill, NC, for Trustee.

John A. Northen, Chapel Hill, NC, Trustee.

## ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This case came before the court on October 9, 2008, for hearing on applications by

SunTrust Bank for allowance of attorneys' fees and reimbursement of expenses pursuant to section 506(b) of the Bankruptcy Code. Stephanie Osborne–Rogers appeared on behalf of the Trustee, John A. Northen and J. Trevor Johnson appeared on behalf of SunTrust Bank, and Michael D. West appeared on behalf of the Bankruptcy Administrator.

In the applications now before the court, SunTrust seeks attorneys' fees of $38,937.36 and reimbursement of expenses of $443.56. The applications include an itemization of the services performed by its attorneys and which states the dates on which the services were rendered, the identity of the attorneys performing the services and the amount of time spent in performing the services. The application also includes an itemization of the expenses for which reimbursement is sought. The total number of hours included in the application is 188.4 hours and the rates of compensation range from $395.00 per hour to $200.00 per hour for attorneys and $190.00 to $140.00 per hour for paralegals. Objections to the application were filed by the Trustee and the Bankruptcy Administrator asserting various grounds of objection. Having considered the application filed by SunTrust, the objections to the application, the matters of record in this case and the arguments of counsel, the court finds and concludes as follows:

1. SunTrust is a secured creditor secured by liens on certain real property owned by the Debtor. SunTrust timely filed a proof of claim listing each property in which it claims a security interest. According to the SunTrust proof of claim, SunTrust's claim totaled $1,267,302.35 as of the petition date, plus attorneys' fees and costs. SunTrust retained the law firm of Helms Mulliss & Wicker, PLLC ("HMW") to represent it in this case. During this case, HMW performed various legal services on behalf of SunTrust which are itemized in the motion now before the court. During the pendency of this case, HMW merged with McGuireWoods LLP.

2. On the petition date, the Debtor was indebted to SunTrust according to the following promissory notes: (a) a promissory note dated April 1, 1996, secured by real property located at 410 Knolls Street, Chapel Hill, North Carolina; (b) a promissory note dated November 1, 1999, secured by real property located at 4105 Sanders Street, Efland, North Carolina; (c) a promissory note dated January 4, 2000, secured by real property located on Roberson Street in Chapel Hill, North Carolina; (d) a promissory note dated September 4, 2001, secured by property located on Sykes/McMasters Street in Chapel Hill, North Carolina. During the pendency of this case, the Knolls Street, the Roberson Street and the Sykes/McMasters Street properties were sold by the Trustee for more than the indebtedness secured by the SunTrust deeds of trust. SunTrust has obtained an order lifting the automatic stay as to the Sanders Street property, but no foreclosure or other sale has occurred with respect to such property. In addition to the fees and expenses related to the foregoing properties, SunTrust also incurred attorneys' fees and costs totaling $2,906.50 related to the sale of certain property by the Trustee to L Short, LLC and such fees and expenses are included in the amount sought by SunTrust in its section 506(b) motion.

3. Pursuant to section 506(b) of the Bankruptcy Code, an oversecured creditor is entitled to collect reasonable fees, costs, or charges from the assets of the bankruptcy estate if those fees or charges are expressly provided for in the loan and security agreements. To substantiate a claim for fees pursuant to section 506(b), the creditor must show that:

(a) the creditor is oversecured; (b) the underlying agreement provides for such fees and costs; and (c) the fees and costs are reasonable and necessary. *In re Gwyn,* 150 B.R. 150, 154 (Bankr.M.D.N.C. 1993).

■ 4. It is not disputed that the pertinent SunTrust documents provide for attorneys' fees and costs and that SunTrust is oversecured as to the promissory notes secured by the Knolls Street, the Roberson Street and the Sykes/McMasters Street properties. It also is not disputed that the Sanders Street property has not been sold and that it has not been shown that SunTrust is oversecured as to the promissory note secured by that property. It follows that SunTrust therefore is not entitled to recover the attorney fees related to the Sanders Street promissory note. SunTrust has included in its section 506(b) application attorneys' fees of $3,250.80 that are associated solely with the Sanders Street property and the promissory note secured by that property which will be disallowed at this time since there has been no showing that SunTrust is oversecured as to that indebtedness.

5. Except for fees of $7,683.95 to which no objection has been filed, the remaining fees sought by SunTrust are objected to by the Trustee and the Bankruptcy Administrator. Pursuant to these objections, there is a dispute regarding the extent to which the fees are related to the oversecured indebtedness and as to whether the fees that are related to the oversecured indebtedness were reasonable and necessary. As explained below, the objections to these fees will be sustained in part and overruled in part. There has been no objection to the $443.56 of expenses requested by SunTrust and such expenses will be allowed as requested.

■ 6. As pointed out in the Trustee's objection, $2,491.00 of the requested fees are related to the preparation of SunTrust's proof of claim in this case and $8,195.40 of the fees are related to the preparation of the SunTrust fee applications. The Trustee asserts that the amount of time spent by the attorneys on these two matters is excessive and unreasonable and that the amounts requested should be adjusted downward. In evaluating whether the time requested in a fee application is compensable the court is required to include in its evaluation whether the services described in the application were necessary and whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed by each particular service. Any services that are purely ministerial or which involve unnecessary duplication should be identified and disallowed. If the professional has not exercised "billing judgment" and excluded from the application time which is excessive, redundant or otherwise unnecessary, then the court should impose such billing judgment itself by disapproving any such time. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). Bankruptcy practitioners must exercise the same "billing judgment" as do non-bankruptcy attorneys by, for example, writing off unproductive research time, duplicative services, redundant costs precipitated by overstaffing, or other expenses which generally are treated as overhead in non-bankruptcy matters and costs for which analogous non-bankruptcy clients typically decline to pay. *See In re Automobile Warranty Corp.,* 138 B.R. 72, 79 (Bankr.D.Colo.1991). Applying these principles to the fees related to the proof of claim and the fee application, the court concludes that the time expended on these matters was excessive and that the fees related to the proof of claim should be

reduced by $491.00 and that the fees related to the fee application should be reduced by $4,300.00.

7. The Trustee has objected to $14,288.85 of the requested fees on the grounds that SunTrust has not shown that these fees are related to services that are reasonable and necessary as to the oversecured indebtedness. The courts have recognized that however legitimate the services performed by an attorney for a creditor may be, if the services are not necessary to protect the creditor's oversecured interest, then they should not be charged to the debtor, notwithstanding the terms of the contractual documents. *In re Villa Capri of Georgia Associates Ltd. Partnership,* 141 B.R. 257, 263 (Bankr.N.D.Ga.1992). As the applicant under section 506(b), SunTrust has the burden of proof to establish an entitlement to the fees sought in the application. *In re Gwyn,* 150 B.R. at 154; *In re Cumberland Farms, Inc.,* 154 B.R. 9, 11 (Bankr.D.Mass.1993); *In re Chas. A. Stevens & Co.,* 109 B.R. 853, 854 (Bankr. N.D.Ill.1990). While the aggregate amount of the SunTrust indebtedness was substantial, SunTrust's status as a secured creditor was not challenged. The SunTrust loans were not in default on the petition date and there were no disputes regarding any of the SunTrust loans except for a minor issue regarding the Sanders Street loan. In each instance in which the Trustee proposed to sell property subject to the SunTrust deeds of trust, it was apparent that SunTrust was oversecured and would be paid in full. Based upon these and the other circumstances of this case, the court concludes that the time expended by the attorneys was excessive and beyond what was reasonably required to protect the interests of SunTrust. Contributing to this problem, is that in many instances in the application there is clumping of various services for a single time entry so that the amount of time spent on a particular service is not evident and there also are extensive redactions in the description of services which make it impossible in some instances to evaluate the exact nature of the services provided and whether the services were necessary. The court concludes that SunTrust has failed to carry the burden of showing that a significant portion of the fees included in this part of the objection are reasonable and necessary as required in order to be allowable under section 506(b). Based upon this deficiency, the court concludes that these fees should be reduced by $4,763.00. Finally, the Trustee has objected to an additional $3,086.10 of the requested fees on the grounds that SunTrust has failed to show that such fees were related to any of the oversecured indebtedness. This objection is well founded and will be sustained in its entirety because neither the description of the services nor any other portion of the record shows that such services were related to the protection of SunTrust's rights regarding the oversecured indebtedness.

8. According to the billing statements attached to the motion, the net billings to SunTrust (after receiving a 10 percent discount) for legal fees was $38,494.20. Based upon the foregoing findings and conclusions, that amount should be reduced by the aggregate sum of $15,890.00 which the court is disallowing. The result is that SunTrust shall be allowed legal fees of $22,604.20 plus expenses of $443.56 pursuant to section 506(b) of the Bankruptcy Code.

IT IS SO ORDERED.